**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PATRICK O'DOR and
EDWARD C. THOMAS
on behalf of themselves and
similarly situated individuals,

Plaintiffs,

v. CASE NO. 8:11-cv-00565-EAK-AEP

SPADE CORPORATION,

Defendant.
_______________________________________/

**JOINT MOTION TO SUBMIT SETTLEMENT**
**AGREEMENT TO THE COURT FOR *IN CAMERA* REVIEW**

Plaintiff EDWARD C. THOMAS ("Plaintiff") and Defendant SPADE CORPORATION ("Defendant") (collectively, the "Parties") jointly move the Court to review the settlement agreement entered into by the Parties in this action *in camera* so that it can remain confidential without becoming a public record in the court file.

**MEMORANDUM OF LAW**

The Parties in this action have settled their claims and defenses and, contemporaneously with this motion, have filed a joint motion seeking the Court's approval of the settlement and dismissal of Plaintiff Thomas's action with prejudice. The Parties have executed a confidential settlement agreement, which will not be effective unless and until it is approved by the Court.

The Parties request that the Court permit the Parties to submit the confidential settlement agreement to the Court for *in camera* review. The Parties believe that it is appropriate for the Court to depart from the general policy of public filings due to the nature of this case and the

legal requirements for a valid settlement. The Parties have carefully negotiated a settlement in this action in which the confidentiality of the Parties' agreement—including confidentiality vis-à-vis the other plaintiff in this action—is an integral provision of the overall settlement. Thus, disclosure of the agreement to the public would deny Defendant the benefit of its bargain. Because the agreement includes the Parties' settlement of claims brought pursuant to the Fair Labor Standards Act, however, the settlement agreement must be presented to and approved by the Court. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

By allowing for *in camera* review of the settlement agreement, the Court can consider the settlement for approval and still foster the policy of encouraging parties to resolve their disputes.[1] The Parties request that the Court maintain the settlement agreement for the period of time necessary for the Court to consider the Parties' joint motion to approve the settlement. The Parties further request that the Court return the agreement to Defendant's counsel after it has completed its review of the agreement and ruled on the Parties' joint motion to approve the settlement.

By allowing for *in camera* review of the settlement agreement in this case, the Court will "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. This motion is accompanied by a proposed Order, which is attached hereto as Exhibit B.

---

[1] A number of federal district court judges in Florida have permitted parties to FLSA settlements to submit confidential settlement agreements for *in camera* review without having to file the settlement agreements with the clerk. *See, e.g., Descrescente v. H&R Block Eastern Enters., Inc.*, Case No. 11-cv-20198 (S.D. Fla. Aug. 15, 2011) (Order on Motion to Submit Settlement [in Camera]); *Brune v. JLP Advisors, Inc.*, Case No. 8:11-cv-244-T-24 TBM (M.D. Fla. June 8, 2011) (Order); *Doimeadios v. Jason's Hauling, Inc., et al.*, Case No. 09-1003-RAL-MAP (M.D. Fla. July 9, 2010) (Order Regarding FLSA Settlement); *Frost v. Quality Metal Fabricators, Inc.*, Case No. 09-02446-JSM-MAP (M.D. Fla. Mar. 26, 2010) (Endorsed Order Regarding FLSA Settlement (Dkt. 15)); *Smith v. Lincare, Inc.*, Case No. 09-02134-JSM-EAJ (M.D. Fla. Mar. 15, 2010) (Endorsed Order Regarding FLSA Settlement (Dkt. 17)); *Leon et al. v. BP Products North America, Inc.*, Case No. 05-22019 (S.D. Fla. Feb. 14, 2006) (Order Regarding FLSA Settlement) (the referenced orders or docket entries are attached hereto as Composite Exhibit A).

WHEREFORE, the Parties jointly request that the Court review the settlement agreement entered into by the Parties in this action *in camera* so that it can remain confidential without becoming a public record in the court file.

Respectfully submitted:

/s/ Matthew K. Fenton
Matthew K. Fenton
Florida Bar No. 0002089
mfenton@wfclaw.com
Luis A. Cabassa
Florida Bar No. 0002089
lcabassa@wfclaw.com
WENZEL FENTON CABASSA, P.A.
1100 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712

Counsel for Plaintiff Edward C. Thomas

/s/ Reed L. Russell
Reed L. Russell
Florida Bar No. 184860
reed.russell@phelps.com
Olivia Z. Weisman
Florida Bar No. 0051742
olivia.weisman@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 1900
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Matthew K. Fenton, Esq.
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue, Suite 300
Tampa, Florida 33602

Counsel for Plaintiff

/s/ Reed L. Russell
Attorney